# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| NORTHFIELD LLC, <br><br>Plaintiff, <br><br>VS. <br><br><br><br>ONCHAINWEB3.NET, *ET AL.*, <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:26-cv-00092 <br><br>Honorable Michael J. Truncale |

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, EXPEDITED DISCOVERY, AND ALTERNATIVE SERVICE**

Plaintiff has filed an Emergency Motion for *Ex Parte* Temporary Restraining Order, Preliminary Injunction, Expedited Discovery, and Alternative Service (the "Motion"), in which Plaintiff seeks (i) an order freezing the Defendants' accounts at certain cryptocurrency exchanges, (ii) a

preliminary injunction, (iii) authorization to issue subpoenas to various third parties likely to be in possession of information about the Defendants, and (iv) authorization to serve the Defendants by alternative means. The Court has reviewed Plaintiff's Motion, the Verified Complaint, the Declaration of Evan Cole (the "Cole Declaration"), and the Declaration of Marshal Hoda. For the reasons set out below, Plaintiff's Motion is hereby **GRANTED**.

## I. Background

Plaintiff's Complaint, which is incorporated herein by reference, sets forth detailed factual allegations concerning a cryptocurrency-related fraud and conversion scheme operated by the Defendants. The Complaint alleges that the Defendants stole assets worth approximately $1,441,904 from the victim in a "pig-butchering" scam—a form of cryptocurrency fraud in which perpetrators use social engineering to induce victims to transfer assets to fraudulent platforms.

The Cole Declaration attests that the facts alleged in the Complaint are consistent with the investigator's professional experience with pig-butchering scams, and provides blockchain-tracing evidence showing that the victim's assets were transferred to accounts controlled by the Defendants at Binance. The Cole Declaration further identifies third parties likely to be in possession of information about the Defendants' true identities and activities, as well as communication channels through which the Defendants may be served.

II.     Analysis

Plaintiff has met the requirements for issuance of a temporary restraining order, expedited discovery, and alternative service for the following reasons.

A.     **Temporary Restraining Order**

The standard for issuance of an *ex parte* temporary restraining order has both procedural and substantive elements. Procedurally, the Court has the authority to issue an *ex parte* restraining order where (i) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (ii) "the movant's attorney certifies in writing any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B).

Both requirements are met here. The Complaint, the Cole Declaration, and the blockchain-tracing report show the likelihood of immediate and irreparable injury or loss. These materials demonstrate that Plaintiff was the victim of a pig-butchering scam featuring well-established and recognizable patterns of deception. The Cole Declaration further details how the assets allegedly stolen from the victim could be transferred to unretrievable locations at any time. Several federal courts have found that this exigency justified issuance of *ex parte* restraining orders in similar crypto-fraud cases, and this Court finds their reasoning persuasive here.

In addition, Plaintiff's attorney has certified why notice should not be required. The Court has the authority to enter an *ex parte* order not only where notice to the adverse party is impracticable, but where "notice to the defendant would render fruitless [the] prosecution of the action." Matter of Vuitton et Fils S.A., 606 F.2d 1, 5 (2d Cir. 1979). Under this logic, courts have found that notice of an asset-freeze motion is not required if the parties to be enjoined "are likely to dissipate assets and destroy business documents." Fed. Trade Comm'n v. Dluca, No. 18-60379-CIV, 2018 WL 1830800, at *2 (S.D. Fla. Feb. 28, 2018). Several courts have found that this same reasoning justified issuance of *ex parte* freezing orders in crypto-fraud cases analogous to this one.

Here, the thrust of Plaintiff's allegations is that the Defendants are professional cybercriminals who have every motivation to place their ill-gotten gains beyond the reach of this Court or any other authority. Plaintiff has provided sufficient evidence to suggest that the Defendants will in fact further dissipate assets if they were given notice of this Motion. This is sufficient to justify issuance of an *ex parte* order under these unique circumstances.

Having found that the procedural requirements for issuance of an *ex parte* restraining order are met, the Court now turns to the substantive standard. To obtain a temporary restraining order, a movant must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of

irreparable harm if the injunction does not issue, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction is in the public interest. Moore v. Brown, 868 F.3d 398, 402-03 (5th Cir. 2017).

Plaintiff has met each of these requirements. On the merits, Plaintiff makes claims against the Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, and conversion. Plaintiff has alleged and provided evidence that the Defendants deceived the victim and misappropriated the victim's assets in what appears to have been an intentional scam. The Court finds, at this stage, that the similarities between Plaintiff's allegations and the widely known characteristics of this distinctive kind of scam suggest that Plaintiff will indeed be able to prevail on these claims once a full evidentiary record is developed. In addition, the Court notes that the asset freeze sought in this instance is permissible in light of Plaintiff's request for a constructive trust over specific, traceable stolen assets, as several courts have held in analogous cryptocurrency-fraud cases. See, e.g., Yogaratnam v. Dubois, No. CV 24-393, 2024 WL 758387, at *3 (E.D. La. Feb. 23, 2024); Jacobo, 2022 WL 2052637, at *3; Gaponyuk, 2023 WL 4670043, at *2.

Plaintiff has also shown that irreparable harm will ensue absent the restraining order sought, for the same reasons explained above. In light of the speed with which cryptocurrency transactions are made, as well as the

potential that the Defendants may further move the assets they are alleged to have stolen, the Court finds that the request to freeze the exchange accounts to which those assets were transferred is justified. See Jacobo, 2022 WL 2052637, at *3.

Next, the Court finds that the threatened injury to Plaintiff outweighs any harm the Defendants may suffer by virtue of a freeze of their accounts. Maintaining the assets at the destination accounts is perhaps Plaintiff's only realistic chance at a future recovery in this case. In contrast, the Defendants will suffer at worst a temporary inability to move assets if the injunction is later dissolved. See Jacobo, 2022 WL 2052637, at *6.

Finally, the Court finds that issuing the injunction is in the public interest. Plaintiff has adduced evidence showing that the victim is but one of many victims of what appears to be an epidemic of similar scams. A freezing order will serve the public interest here both by dissuading would-be fraudsters from preying on American citizens, and "provid[ing] assurance to the public that courts will take action to promote … recovery of stolen assets when they can be readily located and traced to specific locations." Jacobo, 2022 WL 2052637, at *6; see also Gaponyuk, 2023 WL 4670043, at *3.

### B. Expedited Discovery

Typically, parties may not seek "discovery from any source before the conference required by Rule 26(f)." Fed R. Civ. P. 26(d)(1). But expedited discovery before a Rule 26(f) conference is permitted where "authorized … by court order." Id. Courts apply a "good cause" standard to determine whether

such an order should issue. *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011). Good cause may be found where "the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

Many courts have authorized expedited discovery in cryptocurrency-related fraud cases like this one. Indeed, in similar cases, courts have held that any privacy interests that alleged cybercriminals have concerning the discovery of information about their identities and activities is outweighed by the need to adjudicate victims' claims against them. *Gaponyuk*, 2023 WL 4670043, at *4. The Court finds that good cause exists here and that the scope of discovery requested is appropriate.

### C. Alternative Service

Federal Rule of Civil Procedure 4(f)(3) permits service by any means the Court orders, provided the method is not prohibited by international agreement and is reasonably calculated to give actual notice. The Defendants' physical addresses are unknown despite diligent investigation; accordingly, the Hague Service Convention does not apply. Courts have repeatedly authorized service by alternative means in pig-butchering cases, including by email, instant message, and other digital channels. The Court finds that Plaintiff's proposed service methods—which use the same communication channels the Defendants used to carry out their scheme—are reasonably calculated to give the Defendants actual notice of these proceedings.

### III. Relief Granted

### A. Restraining Order

Plaintiff has submitted evidence tracing the assets allegedly stolen from the victim to deposit addresses at the following cryptocurrency exchanges (the "Receiving Addresses"):

| *Exchange* | *Address* |
|---|---|
| Binance | 0x092f5058225a78081c82b3db11266d8a9fdf6120 |
| Binance | 0x0e9f2c611ff5c9a498250f78d70b57b806cd08a3 |
| Binance | 0x10af437eb75b22109e4f5784f521e0d2f5efbfd8 |
| Binance | 0x1159358600450c9934ad1125e9f45eb17f7daaf2 |
| Binance | 0x13d73ff373cb142853c95c8aa44dedb4ffa67598 |
| Binance | 0x15a206e9764a72b21e3bc7c1609fe3cfb1d6263c |
| Binance | 0x2ad1b500b9977ba0e65795ae988895b0f2c8bed1 |
| Binance | 0x3ae2fbaecd968eea9dcf019d2ede3c07f55c08df |
| Binance | 0x417da0190ecfc333650a2a81671de42c518b2f80 |
| Binance | 0x582f31cc4561e55ccd56edfcf1d6895b41d7ad66 |
| Binance | 0x5d2e8d5b7c4b743f1bc51b2d5c5f977426c1905d |
| Binance | 0x5db92e2d9e52792bb4727a419594b2b2b9ca1600 |
| Binance | 0x7e05a3f7324c2ee4c3a230d7d3f06bd16f309d82 |
| Binance | 0x817630bb8d7ca0007ab06ac71c0354f47d4f74c9 |
| Binance | 0x865c078abacb78c5c44424326692d5c74c002fe1 |
| Binance | 0x9153a3a2e9335cc405aa0e58cb8d000617ae1f41 |
| Binance | 0x91da52c4b93ce3a38d6f72934e74e649a869efed |

| Binance | 0x94ad2d0d43a3f1754298cb4dc0422ff54af481f8 |
|---|---|
| Binance | 0xa1fdce8770ee45ef8af48884adcb3f127b68c3f0 |
| Binance | 0xa4a7858908e2a990e9e6d16bd06f4c583c05640f |

For the reasons set out in the Motion, the Court finds that the accounts associated with these deposit addresses should be frozen. Accordingly, the Court hereby **ORDERS** that Defendants and their agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of the persons controlling the accounts associated with the above-listed Receiving Addresses, or any business entity through which they act or which acts in active concert or participation with them; including but not limited to those assets currently held at or for the Receiving Addresses.

In accordance with Fed. R. Civ. P. 65(b)(2), this Order will expire fourteen (14) days from its entry unless it is extended for good cause shown. No bond shall be required to be posted by Plaintiff.

### B.   Preliminary Injunction

The Court further **ORDERS** that a preliminary injunction hearing shall be set in this matter. The parties shall appear before this Court on _____ at _____ to show cause why a preliminary

injunction should not be entered continuing the restraints imposed by this Order. The Defendants may appear at that time and be heard in opposition.

### C.    Expedited Discovery

The Court finds that Plaintiff's request to issue expedited discovery should be **GRANTED** for the reasons set out in the Motion. Plaintiff is authorized to serve subpoenas on the following third parties:

- Binance
- Cloudflare
- Amazon.com
- GoDaddy
- Identity Protection Service
- WhatsApp
- Telegram

All subpoenaed parties shall produce the materials sought in the subpoena to Plaintiff's counsel within seven (7) days of their receipt of Plaintiff's subpoena and this Order.

The Court further authorizes Plaintiff to issue follow-on subpoenas seeking the same scope of information to additional internet-service providers and cryptocurrency exchanges determined to be in possession of relevant information based on information obtained from the initial subpoenas authorized herein.

The Court finds that any privacy interest the Defendants have in the documents requested by Plaintiff is outweighed by the need to investigate and prosecute the theft and conversion alleged in the Complaint. Such privacy concerns shall not be good cause for the subpoenaed party to withhold the requested material.

### D. Alternative Service

The Court finds that Plaintiff's request for authorization to serve the Defendants by alternative means should be **GRANTED** for the reasons set out in the Motion. Plaintiff is authorized to serve the Defendants by the following methods:

| *Target* | *Method* |
| --- | --- |
| Ava Lee | Telegram |
| Ava Lee | WhatsApp |

Service by the above methods shall constitute effective service of process on the Defendants for all purposes in this action.

SO ORDERED.

SIGNED this _____ day of _____, _____.

_____
Honorable Michael J. Truncale
United States District Judge

- 11 -

Dated: 2026-03-12                                   Prepared By:

 

CYBERJUSTICE LAW GROUP

*/s/ M. Hoda*
_____
Marshal J. Hoda, Esq.
Tx. Bar No. 24110009
Alexander Crous, Esq.
Tx. Bar No. 24136488
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
o. (832) 848-0036
marshal@cyberjustice.law
alex@cyberjustice.law

*Attorneys for Plaintiff*